UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BORKOWSKI LEGAL SERVICES LLC, | |
| Petitioner, | |
| v. | CASE NO. 1:25-CV-409-HAB-ALT |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Borkowski Legal Services, LLC, d/b/a Arrow Fiduciary Services ("Arrow Fiduciary"), Guardian of the Estate of Roderick D. Diss, filed its initial Petition in the Grant County Superior Court, seeking an order (1) directing the United States Department of Veterans Affairs (the "VA") to reinstate Arrow Fiduciary as Representative Payee for Diss's Veterans Affairs Benefits ("VA benefits") and (2) directing the federal fiduciary to transfer all VA benefits received on behalf of Diss to Arrowhead Fiduciary. (ECF No. 3). On June 27, 2025, the Grant County Superior Court entered an order granting the requested relief. (ECF No. 4).

On July 24, 2025, the Secretary of the VA filed a notice of removal pursuant to 28 U.S.C. §§ 1442(a)(1), which allows for the removal of actions against the United States, its agencies, or its officers. (ECF No. 1). The Secretary subsequently filed a motion to vacate the state-court order, arguing that the United States Court of Appeals for Veteran Claims has exclusive jurisdiction over decisions by the Secretary regarding the appointment, supervision, or termination of a federal fiduciary and that, therefore, the state court lacked jurisdiction to issue its order granting the Petition. (ECF No. 5).

The parties have now filed a Joint Stipulation to dismiss the Petition and vacate the state-court order. (ECF No. 13). They stipulate that (1) the United States Court of Appeals for Veterans Claims has exclusive jurisdiction over decisions by the Secretary regarding the appointment, supervision, or termination of a federal fiduciary, (2) the Grant County Superior Court lacked jurisdiction to grant the Petition and to order the Secretary to reinstate Arrow Fiduciary as the federal fiduciary, and (3) the Grant County Superior Court lacked jurisdiction to order the federal fiduciary to turn over Diss's VA benefits to Arrow Fiduciary. *Id.* at 3. They request that the Court (1) vacate the Grant County Superior Courts' June 27, 2025 order; (2) dismiss the Petition without prejudice, and (3) remand the matter to the Grant County Superior Court for further proceedings. *Id.* at 3-4.

The Court agrees that exclusive jurisdiction for the relief requested in the Petition lies with the United States Court of Appeals for Veterans Claims. As the Seventh Circuit explained in *Evans v. Greenfield Banking Company*, "the only way to challenge the VA's decision to appoint [a certain] federal fiduciary is through the mechanism set up by Congress, a mechanism that does not allow for review by the state court or a federal court in our circuit." 774 F.3d 1117, 1122 (7th Cir. 2014).

Because this Court lacks jurisdiction over this matter, it cannot rule on the motion to vacate or the joint stipulation and must instead remand this case back to the Grant County Superior Court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 895 (7th Cir. 2018) (explaining that remand is required when jurisdiction is lacking).

Therefore, the Court DENIES the Motion to Vacate (ECF No. 5), DENIES the Joint Stipulation (ECF No. 13), and DIRECTS the Clerk to remand this case back to the Grant County Superior Court.

**SO ORDERED** on October 29, 2025.

    s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT